## SEAMSTER v. STATE.

## Opinion delivered March 25, 1905.

1. CRIMINAL PROCEDURE—DEPOSITION—TIME FOR OBJECTION.—Where the prosecuting attorney in a criminal case signed a stipulation agreeing that the deposition of a certain witness might be taken before any notary public, and waiving all formalities, and the deposition was taken before a justice of the peace and filed with the clerk six days before the trial, an objection at the trial that the deposition was not taken before a notary public was not taken in apt time. (Page 581.)

2. . Same.—If the statute regulating the time and method of making exceptions to depositions (Kirby's Dig. § 3190 *et seq.*) is inapplicable to criminal cases, the court, in the interest of justice and to prevent surprise, should refuse to entertain such exceptions, when not made in apt time. (Page 582.)

Appeal from Crawford Circuit Court.

Jeptha H. Evans, Judge.

Reversed.

## STATEMENT BY THE COURT.

Appellant was indicted at the June term of 1904, of the Crawford Circuit Court, charged with the crime of forgery and of altering the forged instrument, and at the November term, 1904, was tried and convicted upon both counts of the indictment.

The case was first set for trial on July 13, and the court on that day granted the motion of the defendant for a postponement until July 24, to permit him to procure the attendance of an absent witness named Martin, or to take his deposition; and on the last-named day the court continued the case until the succeeding term on motion of the defendant, for the same purpose.

The prosecuting attorney entered into a written stipulation, dated October 15, 1904, for the taking of the deposition of the absent witness Martin, which was as follows: "It is hereby agreed by and between the counsel of the plaintiff and the defendant in the above-entitled cause that the deposition of R. J. Martin may be taken before any notary public, and, when. so taken, the same may be read in evidence upon the part of the defendant on the trial of the above-entitled cause. All of the formalities, certificate, caption, etc., in taking said deposition is [are] hereby waived. The right to object to the evidence given in said deposition for incompetency and immateriality and irrelevancy is reserved. Witness my hand at Van Buren, Arkan-sas, on this the 15th day of October, 1904."

The deposition was taken upon interrogatories prepared by appellant's counsel, and purported to have been taken before

a justice of the peace in Arizona, and was filed in the office of the circuit court of Crawford County on November 19, 1904, which was six days before the trial of the cause. During the trial, and after the State had concluded its testimony, the defendant read the deposition of the witness Martin to the jury, whereupon the court, on motion of the prosecuting attorney, excluded the deposition on the ground that "there was no caption, no certificate of any officer authorized by law to take depositions, and no statement of where said deposition purported to have been taken, and that the agreement to take the same only authorized the taking thereof before a notary public," and that "there is no evidence of how said papers purporting to be the deposition of said Martin reached the office of the clerk." The excluded testimony was material, in that it tended to establish the fact that defendant had purchased the alleged forged order from the person whose name was signed thereto.

*Sam R. Chew,* for appellant.

The facts are not sufficient to support the verdict. 68 Ark. 529. It was error to exclude the deposition of R. J. Martin. Kirby's Dig. § § 3190, 3194.

*Robert L. Rogers, Attorney General,* for State.

Refusal to grant a continuance is not cause for reversal unless it amounts to a manifest mistrial of justice. 26 Ark. 323; 54 Ark. 243; 57 Ark. 168.

McCULLOCH, J., (after stating the facts.) The learned circuit judge erred in excluding the deposition of the witness, and it is obvious that appellant was prejudiced thereby. The stipulation signed by the prosecuting attorney waived all informalities and irregularities in taking the deposition, and the only variance from the strict terms of the stipulation was that it purported to have been taken before a justice of the peace, instead of a notary public. The deposition had been on file with the papers in the case for six days before the trial, and it was too late, after the commencement of the trial, to insist upon this defect by reason of noncompliance, strictly, with the terms of the stipulation. The term of office of the prosecuting attorney

who signed the stipulation had expired when the case was tried, and it appears that his successor was not informed that the deposition had been taken until it was offered in evidence; but the deposition was on file, and, no objection thereto being made, the defendant had the right, without notifying that officer, to assume that its introduction in evidence would meet with no objection. It is unnecessary to decide whether the statute regulating the time and method of making exceptions to depositions (Kirby's Dig. § 3190, *et seq.*) applies to depositions in criminal cases. In the absence of any statutory regulation on the subject, the court, in the interest of justice and to prevent surprise, should refuse to entertain objections to testimony not made in apt time.

The judgment is reversed, and the cause remanded for a new trial.

HILL, C. J., (dissenting.) Sections 2268-2271, Kirby's Digest, provide when and how defendants may have the privilege of taking depositions in criminal cases. They do not prescribe such taking upon notice or under agreement with the prosecuting attorney; but, conceding that depositions taken in such notice or under such agreement are within the spirit of the statute, certainly the defendant must bring his deposition within the agreement, to make it availing. In this case the prosecuting attorney made an extremely liberal agreement, and about the only thing he stipulated for at all was that the deposition must be taken by a notary public, and this one was taken by some one, somewhere, who signed himself a justice of the peace. Presumably, it was taken in Arizona, as the witness said he lived there. A few days before the trial this was filed in the clerk's office, and the prosecuting attorney who had come into office since the agreement was made only discovered the deposition and its condition when it was read during the trial, and he promptly objected to its use. The provisions of the Civil Code requiring exceptions to be made to depositions before the commencement of the trial (Kirby's Digest, § § 3189-3191) do not extend to depositions in criminal cases, and hence the prosecuting attorney's objection was in apt time. The deposition is wholly without authentication of any kind, and contrary to the agree-

ment under which it was to have been taken, and the court did right in taking it from the jury.

Mr. Justice RIDDICK concurs herein.